IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOHNNIE CAMPBELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:14-cv-04010-SLD-JAG ) |
| METROLINK and DON KRUGER, Sheriff's Office Deputy, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Plaintiff Johnnie Campbell's Motion to Proceed In Forma Pauperis, ECF No. 2. His motion was submitted under penalty of perjury and sufficiently demonstrates that Plaintiff should be excused from paying the filing fee in this action. However, Plaintiff's case cannot proceed because he fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, Plaintiff's Complaint, ECF No. 1, is DISMISSED without prejudice. Plaintiff's Motion to Proceed In Forma Pauperis, ECF No. 2, and Motion to Request Counsel, ECF No. 3, are therefore MOOT. Plaintiff has until May 2, 2014, to file an amended complaint, and may renew his motions for in forma pauperis status and appointment of counsel at that time.

## BACKGROUND[1]

Plaintiff—who is not a prisoner—filed this complaint on January 21, 2014, on a form designed primarily for pro se prisoners challenging the constitutionality of their confinement. He

---

[1] In deciding a motion to dismiss, all well-pleaded allegations in the Complaint are taken as true and viewed in the light most favorable to the plaintiff. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012) (citation omitted). Accordingly, unless otherwise noted, the statement of facts in this section is based solely on allegations in the Complaint. Compl. 1–8, ECF No. 1.

1

checked "unknown" in the field asking for "federal legal basis" for the complaint. Plaintiff named as defendants MetroLINK, the Rock Island County bus service, and Deputy Sheriff Don Kruger, presumably of the Rock Island Sheriff's Department.

To the best of the Court's ability to decipher Plaintiff's handwritten and frequently-crossed-out allegations, Plaintiff alleges the following events. On an unspecified date at a location only described as the "Quad Cities area," the Route 55 MetroLINK bus either stopped at the wrong locations or displayed the incorrect route sign. Whatever the error, Plaintiff almost missed the bus that day as a result. He managed to catch up with the Route 55 bus at the East Moline station, where he stopped the bus by standing in the street. When he got on board, he questioned the driver regarding the bus's confusing signage. Plaintiff claims she laughed about it with another bus driver and responded that the sign display changed without her control. Plaintiff argued this point, and started to call the bus station regarding the incident. He claims this spurred the bus driver to "start yelling," to report the incident to her supervisor by radio, and to threaten to throw Plaintiff off the bus. Plaintiff in return called the bus station and spoke to the sheriff's office detail for MetroLINK, and was told to call the sheriff's office if he encountered any more problems. Plaintiff claimed he received a "vibe of hatred" from the people on the bus.

On another unspecified date, law enforcement officers removed Plaintiff from the bus based on what he implies was a false complaint of a dispute between Plaintiff and another bus passenger, and told Plaintiff that they had to check the bus's cameras. Plaintiff then called Deputy Sheriff Kruger, who also said he needed to check the bus-camera footage. Deputy Kruger allegedly then met Plaintiff at the bus station and, despite Plaintiff's protest that he was innocent, served a no-trespassing order on him. The parameters of this order are not described. The relief plaintiff seeks

is (1) to be "back on the bus," (2) to receive monetary compensation for having to walk from Silvis, Illinois, to Rock Island, Illinois, due to his lack of access to the MetroLINK, and (3) damages for his resulting mental and emotional distress.

## DISCUSSION

### I. Legal Standard

District courts may screen a complaint prior to service on the defendants and must dismiss it if it fails to state a claim upon which relief may be granted. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). The plausibility standard governing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies to such screening. *See, e.g.*, *Davit v. Stogsdill*, 371 F. App'x 683, 684 (7th Cir. 2010); *Wyatt v. Hargadine*, No. 13-3150, 2013 WL 5678508, at *2 (C.D. Ill. Oct. 18, 2013). That is, the complaint must "describe the claim in sufficient detail to give the defendant 'fair notice of what the claim is and the grounds upon which it rests'" and its factual allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). However, a court must treat all well-pled factual allegations as true, and pro se pleadings in particular are to be liberally construed. *See Gomez v. Randle*, 680 F.3d 859, 864-65 (7th Cir. 2012).

### II. Analysis

Plaintiff's allegations amount to the claims that (1) he has suffered transportation difficulty after being prevented from utilizing MetroLINK by law enforcement officers acting in response to

3

reports that Plaintiff was causing a disturbance, and (2) the unfriendly attitudes of the bus driver, law enforcement officers, and other passengers caused him emotional distress. He provides no individual names of the offending parties, save for Deputy Kruger, and no dates for the occurrences at issue. Plaintiff makes no reference to applicable federal law, or citizenship of the parties and amount in controversy, hampering the Court from determining whether it has subject matter jurisdiction. *See* 28 U.S.C. §§ 1331-32.

Further, Plaintiff does not provide even the barest indication of how the uncomfortable but otherwise unexceptional behavior he describes entitles him to a remedy under the law. Taking Plaintiff's allegations as true and construing them as liberally as possible, *see Gomez*, 680 F.3d at 864-65, the Court still cannot decipher what Plaintiff's legal claims for relief may be. If Plaintiff is seeking compensation from MetroLINK and its driver for intentional or negligent infliction of emotional distress, his allegations come nowhere near plausibly asserting, for the former, that the offensive parties intentionally engaged in "extreme and outrageous" conduct, *see Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 702 (7th Cir. 1993) (citation omitted), or that Plaintiff was in a zone of danger and his distress manifested itself in physical injury or illness, as required for the latter, *see Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 702 (7th Cir. 2009) (citation omitted). And if Plaintiff seeks an injunction preventing the Rock Island deputy sheriffs from keeping him off the bus, presumably pursuant to 42 U.S.C. § 1983, his complaint provides no hint at what federal "right, privilege or immunity" has been infringed. *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 745-46 (7th Cir. 2010).

In their bare and mysterious state, Plaintiff's allegations paint a picture far more consistent with lawful behavior on the part of Defendants. *See Twombly*, 550 U.S. at 567 (holding that

4

allegations of conspiracy were insufficient where facts were at least equally consistent with alternative law-abiding behavior explanation). In any event, Plaintiff's allegations provide Defendants with no fair notice of what his claim against them is, and suggest no cause for relief that is more than speculative. *See Concentra Health Servs., Inc.*, 496 F.3d at 776. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.

## CONCLUSION

Plaintiff's Complaint, ECF No. 1, is DISMISSED without prejudice. Plaintiff's Motion to Proceed In Forma Pauperis, ECF No. 2, and Motion to Request Counsel, ECF No. 3, are MOOT. Plaintiff has leave to file an amended complaint addressing the deficiencies described above. In light of Plaintiff's transient status and recent hospitalization, the Court will allow Plaintiff an extended period to amend his Complaint: Plaintiff must file any amended complaint by May 2, 2014, or else the case will be closed. Plaintiff may renew his motions for in forma pauperis status and appointment of counsel at that time.

Entered this 4th day of April, 2014.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
